The opinion of the court was delivered by
Carpenter J.
I think it necessary to notice but two of the reasons, urged upon the argument of the demurrer in this case. The plaintiff has set out the condition of the bond in his declaration. The bond was conditioned for the payment of a certain sum by instalments; one-half of each instalment to be paid in patent door-locks, or in cash, at the discretion of the obligor. The plaintiff has assigned no breach in his declaration other than the common breach, that the defendant, although often requested, hath not paid, &c., and the want of a sufficient breach assigned is specified as a cause of special demurrer. It appears to me that the exception is well taken. A breach of the contract is essential *580 to the cause of action, and must in all- cases be stated in the declaration. In a declaration on the penal part of the bond merely, which is ordinarily the safest and most expedient mode of declaring on bonds with special condition, the common breach will suffice. In such case, if the defendant craves oyer, sets out the condition and pleads general performance, the plaintiff must then, in his replication, specially assign the breaches upon which he i Jies to sustain his action. In assigning breaches, he must obviously be governed by the nature of the stipulation. He must assign in the words of the condition either negatively or affirmatively, or in words which are co-extensive with its import and effect; and unless so assigned, the replication will be defective, and liable to demurrer. In all bonds within the statute, 8 & 9 W. 3, C. 11. Elm. Dig. 355, the condition and breach must appeal^ on the record, or the proceedings will be erroneous. 'So, I apprehend, if the plaintiff chooses to set out the condition in his declaration. He must in such case so assign his breaches as to show a forfeiture of the bond. It is not sufficient to allege, that the defendant has not paid the said sum of money mentioned in the said bond or obligation, that is to say the penalty of the bond ; but he must show, by a proper assignment, that the condition of the bond has been broken. He must show that the penalty has been forfeited before he can maintain an action for its recovery. The assignment of breaches is clearly insufficient; or rather no breach of the condition of the bond is at all set out in the declaration, and the demurrer for this reason must be sustained.
If there were no other error, the plaintiff might apply for leave to amend on the usual terms ; but another objection urged under the general demurrer, shows that the plaintiff has mistaken his remedy; and that he is not entitled to recover at all in this action. The action is brought in the name of the assignee. At common law, a bond or other specialty is not assignable, so as to enable the assignee to sue upon it in his own name. Although bonds, being choses in action, were assignable in equity, and such assignments would be protected even in courts of law by the equitable interference of these courts, yet it is only by virtue of the statute that assignees became entitled in this state to sue in their own names. The assignment must be within the statute *581 to support such suit. Now the statute only extends to such bonds as are “for the payment of money.” Act 1st Nov. 1797, § 2. Elm. Dig. 354. The bond upon which this suit was brought, is not for the payment of money within the meaning of the statute; that is to say, it is not for the payment of money only, but for the payment of money and something else, at the election of the obligor. The assignment therefore is not within the terms of the statute.
Judgment for demurrant.
Cited in Flanagan v. Camden Mut. Ins. Co., 1 Dutch. 518.